The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ballance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of finding of fact number 10, the modification of the portion of the Award number 4, and minor technical modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A document entitled "Pre-trial Agreement and Stipulations" filed 12 May 1994 is stipulated into evidence herein and shall become a part of the transcript herein. Pursuant to said Pre-trial Agreement and Stipulations, the parties stipulated as follows:
 a.) Marriage certificate of Glen Hamby and Jacqueline Lankford (Berry) dated 2-12-87.
b.) Birth certificate of George Robert Hamby dated 3-15-85.
c.) Death certificate of Glen Robert Hamby.
d.) Affidavit of Jacqueline Kay Hamby.
e.) Accident report dated 3-28-93.
f.) Medical Examiner's report.
g.) Kennedy Funeral Home agreement and bills.
h.) Crestwood Memorial Gardens bill.
i.) Forsyth County ambulance bill.
j.) Letters of administration dated 4-30-93.
k.) Administrator's notice dated 5-17-93.
l.) Birth certificate and social security card.
m.) Form 22 from employer.
 n.) Certificate of absolute divorce from Jacqueline and Phillip Berry dated 12-17-86.
 o.) Judgment of absolute divorce from Glen and Jacqueline Hamby with typographical errors dated 2-23-93.
p.) Application for letters of administration.
q.) Order of custody and child support dated 1-28-87.
 r.) Copy of social security check payable to minor, George Robert Hamby.
 s.) Court order awarding joint custody of minor child to decedent and ordering child support paid by decedent, dated 2-16-93.
t.) Affidavit of maternity of Jacqueline K. Hamby.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. This is a dependency case arising under N.C. Gen. Stat. 97-38. The issue to be determined herein is the amount of benefits to be paid and to whom said benefits should be paid.
2. Defendants stipulate liability and have agreed to pay applicable death benefits, medical bills, burial expenses and compensation to the person or persons entitled to receive same pursuant to N.C. Gen. Stat. 97-38. et seq., but have asked the Industrial Commission to confirm and certify the person, or persons who is entitled to receive benefits and compensation before disbursement of same is made.
3. The parties have now agreed that George Robert Hamby, a minor, is the sole dependent of the deceased, Glen Robert Hamby, and is entitled to receive applicable death benefits pursuant to N.C. Gen. Stat. 97-38.
4. There are currently outstanding funeral and burial expenses incurred on behalf of Glen Robert Hamby, deceased.
5. On 28 March 1993, the deceased employee, Glen Robert Hamby, was employed by defendant-employer at an average weekly wage of $220.00.
6. On 28 March 1993, Glen Robert Hamby was killed as a result of an accident arising out of and in the course of his employment with the defendant-employer.
7. At the time of his death, Glen Robert Hamby was survived by one child, George Robert Hamby, whom he was supporting at the time of his death.
8. George Robert Hamby was born 15 March 1985 and acknowledged as Glen Robert Hamby's illegitimate child. Glen Robert Hamby had no other children, including posthumous children, legally adopted children, stepchildren, or other acknowledged illegitimate children.
9. At the time of Glen Robert Hamby's death, his only child, George Robert Hamby, was wholly dependent for support upon his earnings. No other person was dependent on the deceased employee for support.
10. By letter to defendant-carrier dated 20 May 1993, Gregory J. Brewer appeared as attorney for the deceased's mother as administratrix of her son's estate and as guardian ad litem for the dependent minor child herein. Thereafter, the administratrix withdrew as guardian ad litem for the minor child due to questions raised concerning a potential conflict of interest. Thus, as a necessary consequence, Gregory J. Brewer's representation of the Guardian Ad Litem for the minor was terminated. On 24 January 1994, Jacqueline K. Hamby, mother of the dependent child herein, was appointed guardian ad litem and thereafter on 9 February 1994, Daniel J. Park appeared as attorney for Jacqueline Kay Hamby to represent the interest of said dependent minor. Because Gregory J. Brewer is not the attorney for the minor, sole dependent of the deceased claimant, Glen Robert Hamby, and the sole beneficiary of payments made herein, nor is he the attorney for the guardian ad litem in this case, he is not entitled to charge or receive an attorney fee from proceeds payable pursuant to N.C. Gen. Stat. § 97-90. In addition, according to Rule 5.6 of the North Carolina State Bar's Annotated Rules of Professional Conduct, an attorney is prohibited from accepting compensation for representing a client from one other than the client unless the situation meets three criteria and in this case it does not. Further, Mr. Brewer's reliance on an award of attorney's fees in Lovely v.Tyson Foods, I.C. No. 112470 is misplaced as that circumstance is distinguishable from the instant matter. In addition, Mr. Brewer's feckless argument in justifying his fee request that he did not need a fee agreement with Jacqueline K. Hamby, Guardian Ad Litem for minor George R. Hamby, because he had one with Betty Hamby, Administratrix of the estate and one-time Guardian Ad Litem for Glen Robert Hamby, is without legal foundation.
11. Daniel J. Park is entitled, as counsel for Jacqueline K. Hamby, Guardian Ad Litem for minor George Robert Hamby who is the sole recipient of the death proceeds payable herein, to a reasonable fee of $100.00 per hour for his twenty-eight (28) hours of services herein. Said fee is consistent with the customary fees awarded for similar services in the community and state.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission finds as follows:
CONCLUSIONS OF LAW
1. Since the deceased employee, Glen Robert Hamby, was killed on March 28, 1993 as a result of an injury by accident arising out of and in the course of his employment with the defendant-employer, death proceeds are payable to the appropriate party. N.C. Gen. Stat. § 97-38.
2. Since George Robert Hamby is decedent's only child, and since George Robert Hamby is the only person wholly dependent for support upon the earnings of the deceased employee, he is entitled to receive the entire compensation payable under the North Carolina Workers' Compensation Act, to the exclusion of all other persons, subject to an award of attorney fees. N.C. Gen. Stat. § 97-38(1); N.C. Gen. Stat. § 97-39.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay or cause to be paid to plaintiff, Jacqueline Kay Hamby, as general guardian and mother of George Robert Hamby, a minor, to be applied for his benefit, the sum of $146.67 per week beginning 28 March 1993 and continuing until said minor reaches the age of eighteen. Such weekly benefits from 28 March 1993 to the date of this Award that have accrued shall be paid in one lump sum.
2. Defendants shall pay $2,000.00 in funeral expenses to Betty A. Hamby, Administratrix of the Estate of Glen Hamby, deceased. N.C. Gen. Stat. § 97-39.
3. Defendants shall pay all medical expenses incurred by reason of the injury to, and death of, Glen Robert Hamby, in such amounts as are approved by the Industrial Commission.
4. An attorney's fee in the amount of $2,800.00 is approved and allowed for attorney Daniel J. Park, and shall be deducted from the amount due to be paid for the benefit and use of minor, George R. Hamby. Defendants shall deduct said attorney's fee from the accrued lump sum compensation due herein and pay it directly to attorney Park.
5. Defendants shall pay the costs due this Commission for the initial hearing before the Deputy Commissioner. Each side shall bear its own costs for the hearing before the Full Commission.
IT IS FURTHER ORDERED that this matter shall be REMOVED from the Full Commission docket.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ JAMES J. BOOKER COMMISSIONER